UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  File No. 1:97-cr-82

v.

                                                  HON. ROBERT HOLMES BELL

DARRICK FLOWERS,

        Defendant.
                                        /

## **O P I N I O N**

This matter is before the Court on Defendant Darrick Flowers' petition for writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651 (ECF No. 1309) and motion for reconsideration of Fair Sentencing Act of 2010 (ECF No. 1300). For the reasons that follow, Defendant's motions will be denied.

### **I. Background**

Defendant Darrick Flowers was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. This Court sentenced him to 360 months' imprisonment, 5 years of supervised release, a $5,000 fine, and $100 special assessment. The Court of Appeals for the Sixth Circuit affirmed the conviction and sentence.

On February 19, 2002, Defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, arguing that he was denied effective assistance of counsel at trial and on direct appeal and that this Court's determination of the quantity of drugs at

sentencing violated Defendant's right to have a jury make this finding as articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This Court denied Defendant's § 2255 motion, and in doing so, summarized his *Apprendi* claim as follows:

> Movant argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his Sixth Amendment right to a jury trial was violated by this Court's determination of drug quantity at sentencing. Movant was sentenced on May 1, 1998. His appeal was decided on May 22, 2000. The *Apprendi* decision was issued on June 26, 2000. Because the *Apprendi* decision was issued prior to the expiration of the 90-day time period for filing a petition for certiorari, *Apprendi* does not represent "new law" that would be analyzed for retroactivity under *Teague v. Lane*, 489 U.S. 288, 310 (1989).

(*Flowers v. United States*, No. 1:02-cv-113, Op. 4-5, ECF No. 13.) The Court stated further: "[Defendant] does not deny that he failed to raise an *Apprendi*-type argument either at trial or on appeal. His failure to make this objection subjects his argument to the procedural bar analysis." (*Id.* at 5.)

Now, Defendant argues that this Court committed "grave error" in its analysis of his § 2255 motion, and that the Court of Appeals for the Sixth Circuit erred by denying Defendant a certificate of appealability. Defendant contends that the remedy is a grant of the writ of *audita querala*.

## II. Petition for Writ of *Audita Querela*

Although the 1946 amendments to Rule 60(b) of the Federal Rules of Civil Procedure abolished the ancient common law writs of *coram nobis* and *audita querela*, "federal courts still have the authority to grant writs of *audita querela*, generally pursuant to the All Writs Act, 28 U.S.C. § 1651." *Ejelonu v. I.N.S. Dep't of Homeland Sec.*, 355 F.3d 539, 545 (6th

Cir. 2004) (citing *Morgan v. United States*, 346 U.S. 502, 506–510 (1954)) (holding that courts still have authority to issue writs of *coram nobis* in collateral criminal proceedings), "*Audita querela* is an equitable remedy reserved only for the most extreme cases." *Id.* at 552. Other circuits have explained that the purpose of making the writ of *audita querela* available in criminal cases is to fill in gaps in the system of federal post-conviction remedies. *See, e.g.*, *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (holding that the writ of *audita querela* "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief"); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("The teaching of Morgan is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law."); *United States v. Valdez–Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) ("[T]he common law writs survive only to the extent that they fill 'gaps' in the current systems of postconviction relief.").

Defendant has not shown that he is entitled to the extraordinary remedy of a writ of *audita querela*. Defendant argues that he did in fact make an *Apprendi* objection at sentencing, and that because his co-defendants moved to recall the mandate in light of *Apprendi*, and Defendant's counsel did not, Defendant received a grossly disproportionate sentence relative to his co-defendants. Defendant did not make an *Apprendi* argument at sentencing. *Apprendi* held that it is unconstitutional for the legislature to remove from the jury the assessment of facts, other than the fact of prior conviction, that increase the

3

prescribed range of penalties to which a criminal defendant is exposed, and that such facts must be established by proof beyond a reasonable doubt. 530 U.S. at 490. At sentencing, Defendant stated that he disagreed with the quantity of drugs listed in the presentence report. (*United States v. Flowers*, No. 1:97-82, Sentencing Tr. 5, ECF No. 1309-1.) Neither at sentencing, nor anywhere else that Defendant has pointed to, did Defendant make an argument that the Court's failure to mandate that a jury determine the quantity of drugs was unconstitutional.

As stated, the writ of *audita querela* is designed "to fill in gaps in the system of federal post-conviction remedies." *Massey*, 581 F.3d at 174. Defendant filed his motion for post-conviction relief under 28 U.S.C. § 2255. It was denied. Defendant then filed an application for certificate of appealability. (*Flowers v. United States*, No. 1:02-cv-113, ECF No. 15.) The court of appeals examined Defendant's arguments and determined that "Movant has not made a substantial showing of the denial of a constitutional right." (*Id.*) Because Defendant's arguments have previously been examined and denied under the current framework for post-conviction relief, there is no gap in the current system that needs to be filled in by a writ of *audita querela*.

### III. Motion for Resentencing

Defendant has also filed a one sentence motion stating, "I would like a reconsideration of Fair Sentencing Act of 2010, in light of *Blewett v. U.S.* (6th Cir. 2000)." (*United States v. Flowers*, No. 1:97-cr-82, ECF No. 1300.) Defendant was sentenced on May 1, 1998. The

4

Fair Sentencing Act of 2010 was enacted in 2010. *United States v. Blewett*, 746 F.3d 647 (6th Cir. 2013) states that "the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect." *Id.* at 650. "Nothing the [Sentencing] Commission has done, it acknowledges, 'make[s] any of the statutory changes in the Fair Sentencing Act of 2010 retroactive." *Id.* (citing 76 Fed. Reg. 41,332, 41,333 (July 13, 2011)) (alterations in original). Because Defendant was sentenced prior to 2010, the Fair Sentencing Act of 2010 does not impact his sentence.

To the extent Defendant asks this Court to overrule the Sixth Circuit's opinion in *Blewett*, the Court does not have the ability to do so.

**IV.**

For the reasons stated, Defendant's motions will be denied. An order will enter consistent with this opinion.


Dated: January 7, 2016                     /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE