UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 1:97-cr-82-27 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| DARRICK FLOWERS, #09075-040, | ) | |
|     Defendant. | ) | |
| | ) | |

## OPINION GRANTING MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

Defendant Darrick Flowers requested the Court reduce his sentence under the First Step Act. (ECF No. 1502.) The Court concluded that Defendant was eligible for consideration of a sentence reduction and offered the parties an opportunity to address the amended guidelines range and the § 3553(a) factors. (ECF No. 1524.) Both parties filed an additional brief. (ECF No. 1530 Def. Br.; ECF No. 1531 Gov't Br.)

A.

Although the Court determined that Defendant was eligible under the First Step Act, the Court concluded that his guidelines range remained the same, 360 to life. (PageID.2136-37.) Neither party objected to this conclusion. The Bureau of Prisons currently estimates that Defendant will be released in August 2023.[1] Both parties agree that the current dispute

---

[1] The Bureau of Prisons identifies Defendant as "Derrick" not "Darrick." The second superseding indictment (ECF No. 264), the verdict form (ECF No. 458), and the amended judgment (ECF No. 1428) all use the "Derrick" spelling, as does the presentence report (PSR). The PSR indicates that "Darrick" was used as an alias. Most of the documents filed in this criminal action prior to 2005 are not accessible electronically. The documents filed after 2005 that are accessible generally refer to Defendant as "Darrick."

concerns the remaining (approximately) ten percent of Defendant's sentence. (Def. Br. PageID.2156; Gov't Br. PageID.2166.)

B.

Beginning with the guidelines range, when deciding whether the reduce Defendant's sentence, the Court must consider the § 3553(a) factors. *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). While the renewed consideration of the factors must be "thorough," *id.* at 784, the court need only provide a reasoned explanation for the ultimate decision that is "sufficiently thorough to permit meaningful appellate review," *United States v. Michael*, —F. App'x—, 2020 WL7238420, at *4 (6th Cir. Dec. 9, 2020) (quoting *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006)). The amount of detail necessary for the required consideration will depend on the circumstances. *Id.*

Defendant's crime of conviction was serious and a lengthy sentence is warranted. Defendant was found guilty of participating in a conspiracy to distribute controlled substances. The conspiracy involved more than two dozen people. The Court has found Defendant responsible for more than 50 kilograms of crack cocaine, a finding upheld by the Sixth Circuit. (ECF No. 1295 PageID.1205.) Defendant's criminal history indicated an escalating pattern of bad choices, beginning with a series of driving offenses and graduating to controlled substance and a weapons charge, all in the span of about six years. A lengthy sentence is also necessary to promote respect for the law, to deter Defendant from future crimes and to protect the public. The advisory guidelines range affirms that a lengthy sentence is warranted.

The Government stops at this point, reasoning that because the guidelines range did not change, Defendant's sentence should not be reduced. The Government argues that Defendant should be treated in the same manner as similarly situated defendants sentenced after the passage of the Fair Sentencing Act. But, for First Step Act motions, the Court may consider a defendant's conduct post-conviction, *United States v. Allen*, 956 F.3d 355, 356 (6th Cir. 2020), a consideration not available to individuals sentenced after the enactment of the Fair Sentencing Act. The Government acknowledges that Defendant's post-conviction efforts at rehabilitation have been "laudable." (PageID.2166.) Defendant completed his GED and approximately 90 educational courses. (ECF No. 1518.)

The Court finds that a sentence of time served is appropriate. Defendant has already served a lengthy sentence, one of sufficient duration to demonstrate the seriousness of the crime, to deter Defendant, and to protect the public. Defendant was arrested when he was 28 years old. He has spent more than 23 years in custody for this conviction, nearly half of his life. Defendant has used his time in custody productively and pro-socially. Defendant's decisions in prison suggest he may not have the same perspective, view and motivation that he had when he was 28 years old. By considering post-conviction rehabilitation efforts, the Government's concern about disparities based solely on the convictions and advisory guidelines range is minimized. The other aspects of Defendant's sentence do not change.

Accordingly, the Court **GRANTS** Defendant's motion for a reduction in sentence under the First Step Act. (ECF No. 1502.) Defendant's sentence is reduced to time served,

effective fourteen days after the date of the Order issued contemporaneous with this Opinion. The fourteen days will allow time for Defendant to quarantine before his release.

Date: January 8, 2021                                         /s/ Paul L. Maloney
                                                                                                Paul L. Maloney
                                                                                                United States District Judge